# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIVUS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ACTAVIS LABORATORIES FL, INC.,<br><br>Defendant. | Civil Action No. 14-3786 (SRC/CLW)<br>(consolidated with 15-cv-1636 and<br>15-cv-6256)<br><br>**DISCOVERY CONFIDENTIALITY<br>ORDER**<br><br>*Electronically Filed* |

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 5.3, Plaintiff Vivus, Inc. ("Vivus") and Actavis Laboratories FL, Inc. ("Actavis"), through their respective attorneys, hereby stipulate and agree that discovery in the above-entitled action may involve the disclosure of certain documents, things and information in the possession, custody or control of a party (and/or a non-party) that are not publicly available and which constitute or contain trade secrets or other confidential and proprietary scientific, research, development, manufacturing, regulatory, financial, marketing, commercial, or other competitive information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Accordingly, good cause exists for the entry of this Discovery Confidentiality Order pursuant to Fed. R. Civ. P. 26(c) and Local Civil Rule 5.3 to protect against improper disclosure or use of confidential information produced or disclosed in these Civil Actions ("Actions"). *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). In support of their request for the entry of this Discovery Confidentiality Order, the parties submit the Declarations of Charles M. Lizza for Vivus and Liza M. Walsh for Actavis, which explain why the parties believe the entry of this Discovery Confidentiality Order is necessary and appropriate, including the specific harm the parties would suffer if their trade secrets or other confidential and proprietary scientific, research, development,

manufacturing, regulatory, financial, marketing, commercial, or other competitive information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) were publicly disclosed.

Vivus and Actavis therefore further stipulate and agree, subject to the approval of the Court, that the terms and conditions of this Discovery Confidentiality Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in these Actions, or provided by or obtained from non-parties in these Actions.

## SCOPE

1.      This Discovery Confidentiality Order shall apply to all documents (whether in hard copy or electronic or computer readable form), things, correspondence between counsel, depositions, pleadings, briefs, transcripts, exhibits, oral or written submissions to the Court, and all other material or information subject to discovery in these Actions, including responses to requests for production of documents, answers to interrogatories, responses to requests for admission, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure and Local Rules of Civil Practice and Procedure of the United States District Court for the District of New Jersey, or disclosed and/or produced in connection with any hearings, trials, or other proceedings in these Actions, matters in evidence, any other information hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with these Actions, and all information derived by either party from such information (e.g. results and analysis of tests on sample materials provided by either party) ("Discovery Material").

2.      As used herein, "Producing Party" shall refer to any party to these Actions and to any non-party that produces Discovery Material according to this Discovery Confidentiality

Order, and "Receiving Party" shall refer to any party or individual who properly receives, is shown, or is exposed to Discovery Material according to this Discovery Confidentiality Order.

3.      As used herein, "Outside Attorney" refers to those attorneys who are not employed by a party or related entity, but are instead partners, associates or counsel to the firms of record in these Actions who have responsibility for these Actions even if the individuals have not entered an appearance in these Actions.

## DESIGNATION

4.      Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Discovery Confidentiality Order if such party in good faith believes that such Discovery Material contains CONFIDENTIAL or HIGHLY CONFIDENTIAL information as defined in Paragraphs 5 and 6 of this Discovery Confidentiality Order.  The burden of establishing that Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL as defined herein shall be on the Producing Party.  The designation of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

5.      As used herein CONFIDENTIAL Discovery Material refers to information that a Producing Party reasonably and in good faith claims to constitute,   contain or disclose (a) proprietary business information or technical information relating to a trade secret or other confidential or competitively sensitive research, product development information, financial, sales, intellectual property, marketing, customer, regulatory, business, manufacture, or other confidential technical or non-technical information or know-how, (b) information or materials the disclosure of which would violate an obligation of confidentiality to a third party or to a Court, or

(c) commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) and Local Civil Rule 5.3.

6.      As used herein HIGHLY CONFIDENTIAL Discovery Material shall mean otherwise CONFIDENTIAL Discovery Material which, in the good faith opinion of the Producing Party, constitutes or contains information that is more sensitive or strategic than CONFIDENTIAL Discovery material, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Producing Party, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a Court, including but not limited to information regarding: (a) the content of or strategy relating to non-public pending patent applications, abandoned patent applications, draft patent applications or proposed patent applications, whether foreign or domestic, (b) ongoing scientific research or development, (c) financial information, including sales, costs, margins, profits, and expenses, (d) future business, marketing or competitive plans or strategies for existing or new products, (e) Abbreviated New Drug Applications or New Drug Applications and/or their active pharmaceutical ingredients (APIs), the characterizations of such products and/or APIs, Investigational New Drug Applications, or Drug Master Files, including any supplements, amendments, and U.S. Food & Drug Administration ("FDA") correspondence related to the same, and (f) confidential business, business relationship, and/or business intelligence information. HIGHLY CONFIDENTIAL Discovery Materials shall also include physical samples or data, reports, notes or other documents reflecting the results of testing or analyzing any physical samples of a Producing Party's products.

7.      Information to be treated under this Discovery Confidentiality Order as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall include but not be limited to:

(a)     Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33 or 36, or in documents produced, for example under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the Receiving Party, the responses or copies of documents are marked by the Producing Party with one of the following legends or their substantial equivalents: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

(b)     Information revealed by inspection of things and premises under Fed. R. Civ. P. 34 will be treated as HIGHLY CONFIDENTIAL until the Discovery Material is produced, in which case it will be treated in accordance with its designation pursuant to Paragraph 7(a), if any.  There will be no waiver of confidentiality by the inspection of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material before it is copied and marked pursuant to this Order. Inspection of Discovery Material by any party shall be conducted by persons eligible under Paragraph 15(a) below.

(c)     Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30, for twenty-one (21) calendar days following receipt of the final transcript by counsel for the Producing Party, but not thereafter unless, before the twenty-one (21) calendar day period has expired, counsel for the Producing Party notifies counsel for the Receiving Party in writing that CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is set forth in the transcript, or during the deposition, counsel for the Producing Party or any other party designates the transcript to be CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material.  The legend described in Paragraph 7(a) shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material.

8.    Any pleading, brief, declaration, affidavit or other filing that contains information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be filed under seal pursuant to Local Civil Rule 5.3.  The Clerk of Court is directed to maintain under seal all material filed in these Actions which has been marked or designated, in whole or in part, as CONFIDENTIAL or HIGHLY CONFIDENTIAL and filed in accordance with this Paragraph and the District of New Jersey's Local Rules and Order governing electronic filing.   The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court.

## USE

9.    Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Discovery Confidentiality Order may be used only for purposes of the prosecution or defense of these Actions and any appeal therefrom, and shall not be used for any other purpose including, but not limited to, any business, competitive, proprietary, commercial, legal/other litigation, arbitration or claim, regulatory or governmental purpose or in connection with the preparation or prosecution of any patent application or in any invalidity, opposition, post-grant review or *inter partes* review, reissue or reexamination proceedings. Nothing in this paragraph shall preclude the parties receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL information from requesting the production of those same materials in co-pending, related or subsequent litigation.   Nothing in this Discovery Confidentiality Order precludes a Producing Party from using or disseminating its own CONFIDENTIAL or HIGHLY CONFIDENTIAL information.   Any person who received or receives CONFIDENTIAL or HIGHLY CONFIDENTIAL information will not use such information in connection with any petition or communication to the U.S. Patent & Trademark Office, FDA, or any communication

or submission to the U.S. Pharmacopoeia (or any of its foreign counterparts including the British Pharmacopoeia and EU Pharmacopoeia), including any petitioning, litigation or counseling before the FDA, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 15, unless and until the restrictions herein are removed either by the written agreement of counsel for the parties, or by Order of the Court.  Furthermore, any person who receives or has access to CONFIDENTIAL or HIGHLY CONFIDENTIAL material pursuant to this Order: (i) as of the time of access to the CONFIDENTIAL or HIGHLY CONFIDENTIAL material, may not be involved, formally or informally, directly or indirectly, in the preparation or prosecution of patents involving phentermine and topiramate extended-release products  relating to weight loss; (ii) will not be involved in the preparation or prosecution, of any patents involving phentermine and topiramate extended-release products relating to weight loss for a period of one year following the final resolution, including appeals, of this litigation; and (iii) will not be involved in drafting or amending any petition before or involving the FDA or equivalent foreign agency concerning phentermine and topiramate extended-release products relating to weight loss for a period of one year following the final resolution, including appeals, of this litigation. The patent prosecution bar in this paragraph shall not apply to patent applications directed to methods of use for purposes other than weight loss For avoidance of doubt, it is agreed and understood that "patent prosecution" as used herein does not include reexamination, *inter partes* review, post grant review, or any contested proceeding in the U.S. Patent & Trademark Office or any foreign patent office.  However, it is agreed and understood that CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall not be disclosed to the U.S. Patent & Trademark Office or any foreign patent office or otherwise made available to the public in connection with any such proceeding.  Notwithstanding this or any other provision in the Discovery Confidentiality Order,

7

the Regulatory Bar shall not preclude anyone with access to CONFIDENTIAL or HIGHLY CONFIDENTIAL material from involvement in correspondence or activities before or involving the FDA or equivalent foreign agency relating to obtaining or maintaining approval for a party's own NDA, ANDA, or equivalent foreign application. It is, however, understood that counsel for a party, may give advice and opinions to his or her client solely relating to the above-captioned Actions based on his or her evaluation of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, provided that such advice and opinions shall not reveal the content of such CONFIDENTIAL or HIGHLY CONFIDENTIAL material except by prior written agreement of counsel for the parties, or by Order of the Court.

10. During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Discovery Confidentiality Order, a fact deponent or witness may be shown CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material of another party if, and only if, the Discovery Material reveals on its face that the deponent or witness authored the Discovery Material or received the Discovery Material in the ordinary course of business and outside the context of these Actions or alternatively, where other Discovery Material establishes that the deponent or witnesses is the author of such Discovery Material or received it in the ordinary course of business and outside the context of these Actions. Nothing in this paragraph shall preclude a Producing Party from showing Discovery Material that it has produced to its own deponent or witness, regardless of whether the Producing Party has designated the Discovery Material it produced as CONFIDENTIAL or HIGHLY CONFIDENTIAL, and regardless of whether such deponent or witness is an author or recipient of the Discovery Material.

11.     At the deposition of any party employee or corporate representative, such deponent or witness may be shown CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material of that party.

12.     At the deposition of any former employee of a party, such deponent or witness may be shown CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material of that party, if and only if, the Discovery Material reveals on its face that the deponent or witness authored the Discovery Material or received the Discovery Material in the ordinary course of business or alternatively, if foundation testimony or other Discovery Material establishes that the deponent or witness is the author of such Discovery Material or received it in the ordinary course of business.

13.     All Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected, or if the Producing Party agrees in writing to modify or rescind such designation.

14.     Third parties may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL deposition transcripts of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as parties to these Actions and any such Discovery Material shall be treated by the parties to these Actions in the same manner as materials and information so designated by a party.  Third parties shall have the same rights and obligations under this Discovery Confidentiality Order as parties and may move the Court to enforce the provisions of this Discovery Confidentiality Order.

## DISCLOSURE

15.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a)    any Outside Attorney in these Actions;

(b)    up to three in-house attorneys for each party identified by name below who, because of their duties and responsibilities regarding these Actions, require access to Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, provided such representatives have (a) complied with Paragraph 17 herein, (b) will not draft or amend patent claims in, or have other involvement prohibited under paragraph 9 with respect to, the prosecution of any patent applications concerning phentermine and topiramate extended-release products during the pendency and for a period of one year following the final resolution, including appeals, of this litigation, and (c) will not be involved in drafting or amending any petition before or involving the FDA or equivalent foreign agency concerning phentermine and topiramate extended-release products during the pendency and for a period of one year following the final resolution, including appeals, of this litigation.  The patent prosecution bar in this paragraph shall not apply to patent applications directed to methods of use for purposes other than weight loss. Notwithstanding this or any other provision in the Discovery Confidentiality Order, the Discovery Confidentiality Order shall not preclude anyone with access to CONFIDENTIAL or HIGHLY CONFIDENTIAL material from involvement in correspondence or activities before or involving the FDA or equivalent foreign agency relating to obtaining or maintaining approval for a party's own NDA, ANDA, or equivalent foreign application.

10

For Vivus:

    (i)    _____

    (ii)   _____

    (iii)  To be named at a later date in accordance with Paragraph 17 of this Order.

For Actavis:

    (i)    _____

    (ii)   _____

    (iii)  To be named at a later date in accordance with Paragraph 17 of this Order.

Furthermore, the parties agree that they will not unreasonably withhold consent to replace any in-house attorney(s) listed above with substitute in-house attorney(s), provided notice is given pursuant to Paragraph 17 of this Discovery Confidentiality Order and the withdrawing in-house attorney, if still employed by the party, provides a signed statement indicating that he or she will not subsequently receive or review any CONFIDENTIAL or HIGHLY CONFIDENTIAL information.  The withdrawing in-house attorney will remain subject to the requirements above and will not draft or amend patent claims in, or have other involvement prohibited under paragraph 9 with respect to, the prosecution of any patent applications concerning phentermine and topiramate extended-release products during the pendency and for a period of one year following the final resolution, including appeals, of this litigation;

(c) any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in Paragraph 15(a) to assist in the preparation of these Actions for trial, with disclosure only to the extent necessary to perform such work, provided such person has complied with Paragraphs 16 and 18 herein;

(d) support personnel for individuals listed in Paragraphs 15(a)-(c) of this Discovery Confidentiality Order, such as law clerks, analysts, paralegals, secretaries, interpreters, translators, clerical staff, and technical staff employed or supervised by any individual identified in Paragraphs 15(a)-(c) and assisting in connection with these Actions;

(e) any interpreter, videographer or court or other shorthand reporter or typist translating, recording or transcribing testimony;

(f) service contractors (such as document management or copy services and duplication and data processing personnel), jury consultants, graphic artists and attorneys or paralegals hired to review documents in the case;

(g) the Court and official personnel of the Court and all appropriate courts of appellate jurisdiction; and

(h) any other person agreed to by the Producing Party in writing.

16.     CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material shall not be disclosed to any person unless such person is authorized to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material pursuant to Paragraphs 15 of this Discovery Confidentiality Order.  CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall not be disclosed to persons described in Paragraphs 15(c) or (h) unless and until such person has executed the Declaration and Undertaking To Be Bound By Discovery Confidentiality Order in the form attached as Exhibit A.

3388313-1

17.    Before the disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material of any Producing Party is made to an individual specifically identified above in Paragraph 15(b), the individual must execute the Declaration and Undertaking To Be Bound By Discovery Confidentiality Order in the form attached as Exhibit B.  As a condition precedent to disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material to any new individual to be designated pursuant to Paragraph 15(b), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and an executed acknowledgement from the individual to whom the disclosure is to be made, in the form of Exhibit B attached hereto, for consent of the Receiving Party, which shall not be unreasonably withheld.  An Outside Attorney for the party for whom the individual is employed shall retain a copy of the executed Exhibit B for a period of three (3) years after the final disposition of these Actions, whether by judgment and exhaustion of all appeals, by dismissal (with or without prejudice) or by settlement.

18.    At least seven (7) calendar days before the disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material of any Producing Party is made to an individual described above in Paragraphs 15(c), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including (a) a curriculum vitae or equivalent resume disclosing the individual's employment history, (b) an identification of any past or present relationship with any opposing party, (c) an identification of any litigation in connection with which the individual has testified as an expert during the previous four (4) years at trial or by deposition which involves any opposing party or its affiliates (which affiliates relating to Actavis include, but may not be limited to, those entities identified in the attached Exhibit C; the list of entities identified in Exhibit C may be amended by Actavis on notice

13

to Vivus and without the need for formal amendment to this Discovery Confidentiality Order), and (d) an executed acknowledgement from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto.  Prior to disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material produced by another party, the Producing Party shall have seven (7) calendar days from receipt of the executed Exhibit A and the other aforementioned information to object to such proposed disclosure.  In the event of an objection to the proposed disclosure, CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material shall not be disclosed to such an individual and the parties shall promptly confer in good faith to resolve the concerns giving rise to the objection.  If the parties are unable to reach agreement regarding such disclosure, the objecting party must notify the Court on an expedited basis, and in no event later than fourteen (14) calendar days after receipt of the executed Exhibit A and other aforementioned information.  Failure to notify the Court within the fourteen (14) calendar day period waives any objection to disclosure.  The burden shall be on the objecting party to demonstrate to the Court why the proposed disclosure should not be made.   CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material shall not be disclosed to such an individual pending the Court's resolution of the dispute.  The foregoing seven (7) and fourteen (14) calendar day periods may be extended by agreement of the parties or by Order of the Court.

19.    The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that is provided under this Discovery Confidentiality Order shall maintain such information in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use and/or dissemination of such information.

14

**EXEMPTED MATERIALS**

20.     None of the provisions of this Discovery Confidentiality Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL has/had been:

(a) available to the public at the time of its production hereunder;

(b) available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c) known to such Receiving Party, or shown to have been independently developed by such Receiving Party by written evidence, prior to its production herein without use or benefit of the information;

(d) obtained outside of these Actions by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL; provided, however, that this provision does not negate any pre-existing obligation of confidentiality; or

(e) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

While the Producing Party has the burden of proof of establishing that Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL as set forth in Paragraph 25, the Receiving Party shall have the burden of proof to establish that any otherwise valid claims of confidentiality have been vitiated based on grounds set forth in sections (a) through (e) of this Paragraph.

3388313-1

## INADVERTENT PRODUCTION/DESIGNATION

21.     The inadvertent production of Discovery Material subject to the attorney-client privilege, attorney work-product immunity, or any other legal privilege or immunity protecting it from discovery will not waive such privilege or immunity, either as to the produced document or as to any other documents or communications embracing the same or similar subject matter, provided that the Producing Party notifies the Receiving Party in writing of such inadvertent production within ten (10) calendar days after the Producing Party discovers such inadvertent production.  In addition, the fact that Discovery Material was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver.  If a party has inadvertently produced information subject to a claim of privilege or immunity, upon request by the Producing Party, the Discovery Material and all copies thereof shall be returned or destroyed promptly, and in no event later than seven (7) calendar days, after the request is made.  The Receiving Party shall destroy all copies (including deleting copies from any database, tape or disk it maintains) or summaries of or notes relating to any such inadvertently produced Discovery Material prior to or upon return of the inadvertently produced Discovery Material.  However, return of a protected document which the Producing Party asserts was inadvertently produced shall be without prejudice to the Receiving Party's right to challenge the alleged privilege or protected designation of the document.  In the event the Receiving Party intends to challenge the privilege or other protected designation of the document, the Receiving Party shall meet and confer with the Producing Party within ten (10) calendar days of receiving the Producing Party's request to return such document.  If the dispute cannot be resolved by agreement, within ten (10) calendar days of any unsuccessful conference, the Producing Party shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion

16

for an order regarding the challenged designation.  In such an event, the Receiving Party may retain one copy of the document in question with its Outside Attorney to be used solely for the purpose of pursuing or defending a motion for production of said document.

22.     If CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is used inadvertently during depositions in contravention of other provisions of this Discovery Confidentiality Order, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.  If CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is inadvertently disclosed to a deposition witness, and the witness has testified concerning that information, the witness may be examined and cross-examined with respect to the documents(s) or information disclosed for the remainder of the deposition.

23.     The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL promptly but not more than ten (10) calendar days from when the inadvertent failure to designate first became known to the Producing Party.  The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not preclude the Producing Party from filing of a motion at a later date seeking to impose such designation or the Receiving Party from challenging the propriety of the designation.  The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be in breach of this Order for any use made of such Discovery Material or any disclosures of such Discovery Material made to persons authorized under Paragraph 15

17

before the Receiving Party is informed of the inadvertent failure to designate.  Once the Receiving

Party has been informed of the inadvertent failure to designate pursuant to this Paragraph, the

Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that

all copies of any such Discovery Material are returned promptly to the Producing Party or ensure

that all copies of any such Discovery Material are marked with the proper designation and

distributed only as permitted under this Discovery Confidentiality Order.

      24.   In the event of disclosure of Discovery Material designated

CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person not authorized to such access

under this Discovery Confidentiality Order, the party responsible for having made such disclosure,

and each party with knowledge thereof, shall immediately inform counsel for the Producing Party

whose Discovery Material has been disclosed of all known relevant information concerning the

nature and circumstances of the disclosure.  The party responsible for improperly disclosing such

Discovery Material shall also promptly take all reasonable measures to retrieve the improperly

disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure

and/or use thereof is made.

## OBJECTION TO DESIGNATIONS

      25.   Any party may object to a designation and seek to remove the

confidentiality restrictions set forth herein on the ground that Discovery Material designated

CONFIDENTIAL or HIGHLY CONFIDENTIAL does not fall within the definitions of

CONFIDENTIAL or HIGHLY CONFIDENTIAL set forth in Paragraphs 4-6 above.  A party shall

not be obligated to challenge the propriety of CONFIDENTIAL or HIGHLY CONFIDENTIAL

designation (or re-designation) at the time the designation is made, and failure to do so shall not

preclude a subsequent challenge thereto.  The acceptance or receipt by the Receiving Party of

Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL   shall not constitute and admission or concession, or permit an inference that such material is, in fact, CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The process for making such an objection and for resolving the dispute shall be as follows:

(a) The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

(b) The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

(c) Failing agreement, the objecting party shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation.  The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL and entitled to such protection under this Discovery Confidentiality Order.

26.     Notwithstanding any such challenge to the designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, all such material so designated shall be treated as such and shall be subject to the provisions of this Discovery Confidentiality Order until one of the following occurs: (a) The party who designated the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

## RETURN/DESTRUCTION OF MATERIALS

      27.    Not later than sixty (60) days after the termination of these Actions, whether by judgment and exhaustion of all appeals, by dismissal (with or without prejudice) or by settlement: (i) all CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that resides in tangible form (e.g., paper documents), including all copies thereof and all notes, memoranda, or other materials derived from or in any way revealing such information, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, and (ii) any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that resides in electronic form shall be deleted from active memory and any other immediately available electronic storage media.  The parties and their respective representatives, attorneys, experts, consultants and litigation support services providers shall thereafter be prohibited from restoring such deleted electronic files through the employment of "undelete" software and other similar computer forensics techniques.  The parties, however, shall not be required to remove CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that resides in electronic form on media that is maintained in the usual course of business primarily for archival and disaster recovery purposes.  The parties shall continue to preserve such CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material maintained on archival/disaster recovery media in accordance with this Order until such archival/disaster recovery media is overwritten or destroyed in the usual course of business.  Notwithstanding any of the foregoing, Outside Attorneys for the parties shall be permitted to retain all papers filed with the Court, transcripts of testimony and exhibits, discovery, correspondence, memoranda, notes, trial evidence, and their own work product containing CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material for archival purposes.  Such counsel and their employees shall not disclose any Producing Party's

3388313-1

CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Discovery Confidentiality Order.  Not later than seventy-five (75) days after the final termination of these Actions, the Receiving Party shall certify in writing that all CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material has been returned or destroyed in accordance with this Paragraph.

## MISCELLANEOUS PROVISIONS

28.     This Discovery Confidentiality Order is without prejudice to the right of any Producing Party to seek further or additional protection of information for which the protection of this Order is not believed by such party to be adequate.   Nothing in this Discovery Confidentiality Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an Order that certain information may not be discovered at all.

29.     The entry of this Discovery Confidentiality Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

30.     CONFIDENTIAL information or HIGHLY CONFIDENTIAL information may be redacted from documents and things prior to production by a Producing Party if the Producing Party reasonably believes in good faith that the redacted information is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, for example, because it relates to products other than phentermine and topiramate extended-release products.   Each such redaction, regardless of size, shall be clearly labeled

"Redacted – Non-Responsive."  This shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

31.     If at any time CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material and shall provide each such party with an opportunity to object to the production of such materials.  If the Producing Party does not move for a protective order or a discovery confidentiality order within fourteen (14) calendar days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the fourteen (14) calendar day notice period, such Discovery Material in response thereto.

32.     Counsel for any party to this Discovery Confidentiality Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under Discovery Confidentiality Order to receive materials or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material.  The failure of individuals other than those specified in the previous sentence to leave the deposition room during any portion of the deposition that inquires into matters deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL by the designating party shall constitute justification for counsel to instruct the witness that he or she should not answer the question.

33.    All notices required by any paragraph of this Discovery Confidentiality Order are to be made by email to counsel representing the noticed party.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by an attorney for the Producing Party.

34.    Execution of this Discovery Confidentiality Order shall not constitute a waiver of the right of any party to claim in these Actions or otherwise that any documents, communications or any portion thereof, are privileged, immune or otherwise non-discoverable, or are not admissible in evidence in these Actions or any other proceeding.

35.    The United States District Court for the District of New Jersey is responsible for the interpretation and enforcement of this Discovery Confidentiality Order.  All disputes concerning CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material produced under the protection of this Discovery Confidentiality Order shall be resolved by the United States District Court for the District of New Jersey.  Each person or entity who receives CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Discovery Confidentiality Order.

36.    Nothing in this Order shall prevent a party from using Discovery Material that has been designated as entitled to protection under this Order at a hearing, trial or other proceeding in these Actions and such document, material or other information shall not lose its CONFIDENTIAL or HIGHLY CONFIDENTIAL status through such use.  If the need arises during trial or at any hearing or proceeding before the Court for any party to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL information, it may do so only after giving

notice to the Producing Party and as permitted or directed by the Court to reasonably protect the confidentiality of such Discovery Material during such use.

37.     This Discovery Confidentiality Order shall survive the termination of these Actions and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

SO ORDERED this _1st_ day of _Februar y_ 2016

Hon. Cathy L. Waldor, U.S.M.J.

24

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| VIVUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACTAVIS LABORATORIES FL, INC., <br><br> Defendant. | Civil Action No. 14-3786 (SRC/CLW) <br> Civil Action No. 15-1636 (SRC/CLW) <br><br><br> *Electronically Filed* |

**DECLARATION AND UNDERTAKING TO BE BOUND
BY DISCOVERY CONFIDENTIALITY ORDER**

I, _____, declare that:

1.  My residence address is _____

_____.

2.  My current employer is _____

and the address of my current employment is _____

_____.

3.  My current occupation or job description is _____

_____.

4.  [Experts Only] A copy of my curriculum vitae is attached hereto.

5.  I have received and read the Discovery Confidentiality Order in these Actions dated

_____, and I understand its provisions.  I agree

25

(a) to be bound by the terms of the Discovery Confidentiality Order,

(b) to use CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material solely for these Actions and not for other purposes (including, but not limited to, research or the filing and prosecution of any patent applications), and

(c) to not disclose any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material to any person, firm, corporation or other entity not qualified to have access to such information pursuant to the terms of the Discovery Confidentiality Order.

6.      I will destroy or return all CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material and summaries, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, to outside counsel for the party for whom I was employed, retained or otherwise associated with.

7.      I hereby submit to the jurisdiction of the United States District Court for the District of New Jersey for the purpose of enforcement of the Discovery Confidentiality Order. I understand that if I violate the provisions of the Discovery Confidentiality Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and may be liable in a civil action by one or more of the parties in these Actions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____          _____
                                                                    [Signature]

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VIVUS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ACTAVIS LABORATORIES FL, INC.,<br><br>Defendant. | Civil Action No. 14-3786 (SRC/CLW)<br>Civil Action No. 15-1636 (SRC/CLW)<br><br><br><br>*Electronically Filed* |

**DECLARATION AND UNDERTAKING TO BE BOUND BY
DISCOVERY CONFIDENTIALITY ORDER**

I, _____ , declare that:

    1.    My residence address is _____

_____.

    2.    My current employer is _____

and the address of my current employment is _____

_____.

    3.    My current occupation or job description is _____

_____.

    4.    I have received and read the Discovery Confidentiality Order in these Actions dated

_____, and I understand its provisions. I agree

        (a) to be bound by the terms of the Discovery Confidentiality Order,

27

(b) to use CONFIDENTIAL Discovery Material solely for these Actions and not for other purposes (including, but not limited to, research or the filing and prosecution of any patent applications), and

(c) to not disclose any CONFIDENTIAL Discovery Material to any person, firm, corporation or other entity not qualified to have access to such information pursuant to the terms of the Discovery Confidentiality Order.

5.      I will destroy or return all CONFIDENTIAL Discovery Material and summaries, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, to outside counsel for the party for whom I was employed, retained or otherwise associated with.

6.      I hereby submit to the jurisdiction of the United States District Court for the District of New Jersey for the purpose of enforcement of the Discovery Confidentiality Order. I understand that if I violate the provisions of the Discovery Confidentiality Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and may be liable in a civil action by one or more of the parties in these Actions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____          _____
                                                                [Signature]

**EXHIBIT C**

**Actavis Affiliates**

Actavis plc
Actavis, Inc.
Watson Laboratories, Inc.
Allergan, Inc.
Forest Laboratories, LLC
Warner Chilcott plc

29